United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LISA BRABOY,

    Plaintiff,

    v.

STAPLES, INC.,

    Defendant.
_____/

No. C 09-4534 PJH

**ORDER DENYING MOTION TO REMAND**

Plaintiff's motion to remand the complaint came on for hearing before the court on December 9, 2009. Plaintiff Lisa Braboy ("plaintiff") appeared through her counsel, Linda P. Whitehead. Defendants, Staples, Inc. and Staples Contract and Commercial, Inc. ("defendants"),[1] appeared through their counsel, Rod. M. Fliegel. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby DENIES the motion to remand, for the reasons stated at the hearing, and summarized as follows:

Defendants' removal of the present action was not untimely. It is well-established that a defendant has thirty days in which to remove a case to federal court, after learning that an action is removable. See 28 U.S.C. § 1446(b). Significantly, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 690-91 (9th Cir.

---

[1] Plaintiff's complaint names only Staples, Inc. as defendant in the caption, but the body of the complaint – as well as defendants' opposition brief – both reference the fact that plaintiff in actuality proceeds against both Staples, Inc. *and* Stapes Contract and Commercial, Inc.

2005)(alterations in original).  Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives "a copy of an amended pleading, motion, order or other paper" from which it can determine that the case is removable.  See 28 U.S.C. § 1446(b).

Here, plaintiff's allegations, as set forth in the operative second amended complaint, were insufficient to place defendants on notice of either (a) the fact that plaintiff was alleging damages of more than $75,000 or (b) under CAFA, that the claims of the individual class members in the aggregate exceeded $5,000,000.  See Notice of Removal, Ex. 1, ¶ 17.  As a corollary, therefore, the complaint fails to reveal the facts necessary for jurisdiction under either 28 U.S.C. § 1332(a) or § 1332(d) – the jurisdiction provisions invoked by defendant in its Notice of Removal.  See id. at ¶¶

It was not until plaintiff's service of her subsequent interrogatory responses on defendant on August 31, 2009, that defendant was made aware that grounds for federal jurisdiction existed.  Specifically, the interrogatory responses set forth the factual predicate for plaintiff's unpaid overtime claims (i.e., 5 hours of unpaid overtime a week) – a factor which allowed defendant to ascertain the actual damages amount in controversy, and thus, the existence of jurisdiction under CAFA.  See Notice of Removal, ¶ 62. Since plaintiff's interrogatory responses constitute the first "paper" from which jurisdiction was made clear to defendant, it is the date of service of the interrogatory responses – i.e., August 31, 2009 – that triggered the 30 day removal deadline.  As such, defendant's Notice of Removal, filed on September 25, 2009, is accordingly timely, and the plaintiff's motion to remand the complaint, on contrary grounds, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 22, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

2