UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LISA BRABOY,

        Plaintiff,

       v.

STAPLES, INC., et al.,

        Defendants.

_____/

No. C 09-4534 PJH

**ORDER RE JOINT CASE MANAGEMENT REPORT**

      Before the court is the parties' joint case management report, wherein the parties request a further case management conference in order to discuss the status of outstanding discovery efforts following the June 17 discovery conference with Judge Zimmerman, and to set a briefing schedule with respect to both the "Staples, Inc. employer" issue, and class certification.

      Based on the parties' case management report, as well as the parties' prior discovery proposals filed in compliance with the court's previous June 14 case management minute order, the court agrees with the parties that resolution of the "employer" issue should occur prior to resolution of the class certification issues. The court's determination of the proper scope of discovery with respect to class certification – and issues related to Staples, Inc. specifically – is dependent upon a determination as to whether defendant Staples, Inc., was, in fact, plaintiff's "employer." The court accordingly instructs the parties to submit a stipulated proposed briefing schedule, no later than July 30, 2010, in connection with a motion to resolve the "employer" issue. The stipulation shall comply with the time limitations set forth in Civil Local Rules 7-2 and 7-3.

      The parties may engage in limited discovery related to the single 'employer' issue, if

necessary to prepare the motion. Once the employer issue is resolved, the court will conduct a further case management conference in order to set a briefing schedule with respect to class certification and other related pretrial scheduling.

The parties' case management report also raises a dispute over paragraph 4 of the court's January 14 minute order. Specifically, the parties dispute whether the undersigned intended that all discovery matters be referred to the Magistrate Judge, or intended to maintain exclusive authority to decide some issues related to the scope of discovery. The court's minute order reflects the undersigned's intent to refer all discovery matters, including those related to the scope of discovery, to the assigned Magistrate Judge. Thus, all discovery issues – including scope of discovery issues once Staples' "employer" status is determined – shall be resolved by the assigned Magistrate Judge. As noted above, however, to the extent the Magistrate Judge's ruling as to the scope of discovery depends on resolution of the "employer" issue, such a ruling will depend upon the undersigned's resolution of the "employer" issue.

In light of the foregoing, no further case management conference is necessary. Any additional questions or issues may be raised by the parties at the August 4 hearing on defendants' motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: July 15, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge