1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7   LISA BRABOY,

8              Plaintiff,                    No. C 09-4534 PJH

9        v.                                  **ORDER GRANTING MOTION FOR
                                             JUDGMENT ON THE PLEADINGS**
10  STAPLES, INC., et al.,

11             Defendants.
    _____/
12

13        Defendant's motion for judgment on the pleadings came on for hearing on August 4,

14  2010 before this court.  Plaintiff Lisa Braboy ("plaintiff") appeared through her counsel,

15  Linda Whitehead and Peter Hart.  Defendants Staples Inc. ("Staples") and Staples Contract

16  and Commercial, Inc. ("SCCI") (collectively "defendants") appeared through their counsel,

17  Rod Fliegel and Elizabeth Wilson.  Having read all the papers submitted and carefully

18  considered the relevant legal authority, the court hereby GRANTS the motion for judgment

19  on the pleadings, as stated at the hearing, and summarized as follows.

20        1.      As a preliminary matter, the parties have agreed that plaintiff does not plead,

21  as part of her sixth claim for relief, a claim for fraudulent misrepresentation/omissions under

22  Cal Bus. & Prof. Code § 17200.  Thus, the only issue that remains for the court's resolution

23  here is whether plaintiff, a former employee of defendant(s), lacks standing to pursue class-

24  wide injunctive relief as alleged in her sixth claim for relief.

25        2.      Plaintiff's third amended complaint seeks injunctive relief as a remedy for

26  defendants' allegedly wrongful actions in having misclassified/misrepresented documents,

27  agreements, and communications with its employees – the misrepresentation being a

28  failure to adequately state which defendant is the employees' employer.  See TAC, ¶¶

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   67(f), 70-72.  However, as a former employee, plaintiff lacks standing to sue for injunctive

2   relief affecting the documents, agreements, and communications between defendants and

3   their employees either now or in the future.  See Dukes v. Wal-Mart Stores, Inc., 603 F.3d

4   571, 623 (9th Cir. 2010)("those putative class members who were no longer Wal-Mart

5   employees at the time [p]laintiffs' complaint was filed do not have standing to pursue

6   injunctive or declaratory relief")(citing Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033,

7   1037 (9th Cir.2006) (recognizing that former employees lack standing to seek injunctive

8   relief because they "would not stand to benefit from an injunction requiring the

9   anti-discriminatory policies [to cease] at [their] former place of work").

10      To the extent that plaintiff furthermore argues that she seeks injunctive relief on

11  behalf of all employees who may need to accurately state their employer in connection with

12  current or future employment, plaintiff's third amended complaint fails to include any

13  allegations to this effect.  Moreover, plaintiff's argument is premised on alleged future

14  injuries that are entirely speculative.  As such, plaintiff cannot establish a likelihood of

15  substantial and immediate irreparable injury, such that she has standing to seek injunctive

16  relief.  See Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1042 (9th Cir. 1999)("The

17  equitable remedy is unavailable absent a showing of irreparable injury, a requirement that

18  cannot be met where there is no showing of any real or immediate threat that the plaintiff[s]

19  will be wronged again - a 'likelihood of substantial and immediate irreparable injury").

20      Accordingly, defendant's motion for judgment on the pleadings is GRANTED, with

21  respect to plaintiff's claim for prospective injunctive relief, as a remedy for unfair and/or

22  unlawful conduct as alleged in paragraph 67(f).  No leave to amend is granted, as plaintiff

23  was unable to articulate the existence of any allegations that could conceivably cure the

24  foregoing deficiencies.

25      3.   To the extent defendants request early resolution of an additional legal issue

26  purportedly going to the scope of future discovery and class certification – i.e., the 'retail

27  entity' issue – the parties shall raise this issue in connection with briefing on the threshold

28

'employer' issue.  The parties' motions on these threshold issues shall be limited as follows: neither the opening briefs, nor the opposition briefs, may exceed 15 pages in length.  The reply briefs shall not exceed 10 pages in length.  The motions will be heard on December 15, 2010.

**IT IS SO ORDERED.**

Dated: August 6, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge